JS 44  (Rev. 12/12)   CIVIL COVER SHEET

17.W.2056

17  2056

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kenyell Regusters

**DEFENDANTS**
United States of America c/o United States Postal Service

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon, PC
1515 Market Street, Suite 1600
Philadelphia, PA 19102          (215) 467-4666

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|                                              | PTF | DEF |                                                        | PTF | DEF |
|----------------------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State                        | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State                     | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country      | ☐ 3 | ☐ 3 | Foreign Nation                                         | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391 (a) (1) and (2)

Brief description of cause:
Motor Vehicle Collision

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____          DOCKET NUMBER _____

MAY - 4 2017

DATE
05/03/2017

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

GEKP

**UNITED STATES DISTRICT COURT**    17    2056

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Kenyell Regusters, 604 Walnut Street, Pottstown, PA 19464

Address of Defendant: United States of America c/o United States Postal Service, 3190 S 70th Street, Phila, PA 19153

Place of Accident, Incident or Transaction: 60th Street and Nassau Read, in Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☒ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/3/2017    Marc I Simon, Esq.    201798
_____    _____    _____
                Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAY - 4 2017

DATE: 5/3/2017    _____    201798
_____    _____    _____
                Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kenyell Regusters | : | CIVIL ACTION |
| v. | : | **17    2056** |
| United States of America c/o United States Postal Service | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x )

| | | |
|---|---|---|
| 5/3/2017 | Marc I. Simon, Esq. | Kenyell Regusters |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 467-4666 | (267) 369-9006 | marcsimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY - 4 2017






## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Kenyell Regusters                          :
604 Walnut Street                          :
Pottstown, PA 19464                        :
                                           :
       Plaintiff                    :
                                           :
v.                                         :
United States of America                   :
c/o United States Postal Service           :
3190 S 70th Street                         :
Philadelphia, PA 19153                     :
                                           :
       Defendants                   :
                                           :

#  17    2056



FILED
MAY 0 4 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

### PARTIES

1.      Plaintiff, Kenyell Regusters, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, United States of America c/o United States Postal Service, is a political subdivision of the United States of America, residing at the address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of the Commonwealth of Pennsylvania and the Defendant, upon information and belief is a corporate entity with its principal place of business in the Commonwealth of Pennsylvania and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

MAY - 4 2017

2.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

3.  On or about June 13, 2016, at approximately 1:30 p.m., Plaintiff was the passenger of a motor vehicle which was traveling at or near the intersection of 60th Street and Nassau Road, in Philadelphia, PA.

4.  At or about the same date and time, Defendant was the owner of the motor vehicle, which was traveling, at or near the aforesaid intersection and/or the location.

5.  At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with the vehicle in which Plaintiff was a passenger.

6.  The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as cause a motor vehicle collision.

7.  The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

8.  As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries as set forth more fully below.

9.  The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

      a.  Striking the vehicle in which Plaintiff was a passenger;

      b.  Operating his/her vehicle into another vehicle's lane of travel;

      c.  Failing to maintain proper distance between vehicles;

d.    Operating his/her vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

e.    Failing to have his/her vehicle under proper and adequate control;

f.    Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g.    Violation of the "assured clear distance ahead" rule;

h.    Failure to keep a proper lookout;

i.    Failure to apply brakes earlier to stop the vehicle without striking the vehicle in which Plaintiff was a passenger;

j.    Being inattentive to his/her duties as an operator of a motor vehicle;

k.    Disregarding traffic lanes, patterns, and other devices;

l.    Driving at a high rate of speed which was high and dangerous for conditions;

m.    Failing to remain continually alert while operating said vehicle;

n.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.    Failing to give other drivers meaningful warning signs concerning the impending collision;

p.    Failing to exercise ordinary care to avoid a collision;

q.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

     r.     Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

     s.     Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

     t.     Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

10.     As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

11.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12.     As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

14.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____mis3364_____
              Marc I. Simon, Esquire

## **VERIFICATION**

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.